■ UNITED STATES STEEL CORPORATION (CERTIFIED INDUSTRIES DIVISION), Appellant-Respondent, v. SIGMUND SOMMER CONSTRUCTION CO., INC., Respondent-Appellant, et al., Defendants.— Order, Supreme Court, New York County, entered on December 12, 1973, denying plaintiff's motion for summary judgment and a cross motion by defendant Sigmund Sommer Construction Co., Inc., for similar relief, unanimously modified, on the law, to the extent of grant-

ing plaintiff's motion for summary judgment on the first cause of action of the amended complaint, and directing the entry of judgment in favor of plaintiff dismissing and severing the first cause of action; and otherwise affirmed. Plaintiff-appellant-respondent shall recover of defendant-respondent-appellant $60 costs and disbursements of this appeal. The "sales confirmation", dated March 13, 1970, signed by both parties, and Sommer's purchase order, dated June 16, 1971, prepared on Sommer's own printed form, created binding, unambiguous written agreements between the parties for the purchase of concrete by Sommer from plaintiff. The purchase order was prepared and delivered by Sommer, in accordance with the written provision in the sales confirmation that an "appropriate P. O. will be issued by Sommer". The agreement of December 18, 1970, between Sommer and defendant, A. J. Quarant Contracting Co., Inc., by which the latter was hired to do excavation and foundation work and which noted that "arrangements for ready-mix cement have been made with 'Certified Industries' [plaintiff] and this arrangement is part of this contract", did not lessen or detract from the binding nature of the purchase order prepared and executed by Sommer over six months *thereafter*. It is admitted that concrete was delivered to the job site and utilized as envisioned by the above documents. The facts that the cement contracted for and invoices covering same may have been delivered directly to Quarant, standing alone, do not relieve Sommer from liability. Concur — Nunez, J. P., Kupferman, Lupiano, Capozzoli and Lane, JJ.